UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEREMIE MONTGOMERY,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-01938-RDP |
| } | |
| **ALABAMA DEPARTMENT OF MOTOR** } | |
| **VEHICLES, et al.,** } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Response to the Magistrate Judge's Order (Doc. # 5) and the Order reassigning this case to the undersigned (Doc. # 6). Before reassigning the case, the Magistrate Judge directed Plaintiff to show cause why the case should not be dismissed for lack of federal subject matter jurisdiction. (Doc. # 4 at 3). Plaintiff has explained his grounds for asserting federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and this case is ripe for a preliminary review.

In actions where a plaintiff has been granted *in forma pauperis* status, the court must dismiss the action if it determines that the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Moreover, the court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims. Fed. R. Civ. P. 12(h)(3); *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010). In private civil actions, where the federal law(s) cited in support of a plaintiff's action provide no private cause of action, it follows that the court lacks federal question jurisdiction to hear the action. *See Mazyck v. Wells Fargo*

*Bank, N.A.*, 2013 WL 12101059, at *2 (N.D. Ga. Jan. 29, 2013) (explaining that the court lacked federal question jurisdiction under the Protecting Tenants at Foreclosure Act of 2009 because that statute contains no private cause of action). Plaintiff's Complaint relies on federal question jurisdiction and cites 49 U.S.C. § 30503, 49 U.S.C. § 30504, and 31 C.F.R. § 0.208 as the grounds for his claims. (Doc. # 1 at 3).

In his Complaint, Plaintiff alleges that a thief stole his vehicle and sold it to a salvage yard, where it was illegally scrapped. (Doc. # 1 at 4). He claims that Defendant Alabama Department of Motor Vehicles violated a federal statute -- 49 U.S.C. § 30503 -- by failing to perform a verification check on the vehicle before allowing Defendant Ellison Recycling Center to scrap the vehicle. (*Id.*). He also claims that Defendant Ellison Recycling Center failed to comply with reporting requirements in 49 U.S.C. § 30504 and used a false vehicle identification number to apply for a title to scrap the vehicle. (*Id.*). In his response to the show cause order, Plaintiff argues that he can obtain compensation for his "direct personal loss" caused by Defendants' failures to comply with federal law. (Doc. # 5 at 3-4).

The threshold question in this action is whether the provisions in the Anti-Theft Car Act that implemented the National Motor Vehicle Title Information System ("NMVTIS"), 49 U.S.C. §§ 30501 *et seq.*, provide a private cause of action. In the Anti-Theft Car Act, Congress directed the Attorney General to establish the NMVTIS to "provide individuals and entities referred to in [49 U.S.C. § 30502(e)] with instant and reliable access to information maintained by the States related to automobile titling." 49 U.S.C. § 30502(a). States are obligated to provide vehicle title information to the NMVTIS. *Id.* § 30503(a). And, junk yards and salvage yards must file monthly reports to the NMVTIS with information about their inventories. *Id.* § 30504(a). In turn, the NMVTIS must make title information about automobiles available to the states, law

enforcement officials, prospective purchasers of a particular automobile, and prospective or current insurers of a particular automobile. *Id.* § 30502(e). The statute contains a penalty and enforcement section, 49 U.S.C. § 30505, that grants the following authority to the Attorney General:

> **(a) Penalty.--** An individual or entity violating this chapter is liable to the United States Government for a civil penalty of not more than $1,000 for each violation.
>
> **(b) Collection and Compromise.**-- **(1)** The Attorney General shall impose a civil penalty under this section. The Attorney General shall bring a civil action to collect the penalty. The Attorney General may compromise the amount of the penalty. In determining the amount of the penalty or compromise, the Attorney General shall consider the appropriateness of the penalty to the size of the business or entity charged and the gravity of the violation.
>
> **(2)** The Government may deduct the amount of a civil penalty imposed or compromised under this section from amounts it owes the individual or entity liable for the penalty.

Reporting persons and entities are granted civil immunity from money damages and equitable relief if they act in good faith and with a reasonable belief that their conduct complies with federal law. *Id.* § 30502(f).

Unquestionably, the law at issue does not expressly provide a private cause of action. *See generally* 49 U.S.C. §§ 30501-30505. Therefore, the court must determine whether the statute creates an implied private right of action, a question of statutory construction that appears to be an issue of first impression. The Supreme Court's opinion in *Alexander v. Sandoval*, 532 U.S. 275 (2001), directs the court to discern whether Congress intended to create a private right of action and a private remedy. 532 U.S. at 286. In determining Congress's intent, "[f]irst and foremost, we look to the statutory text for rights-creating language." *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir. 2002) (internal quotation marks omitted) (quoting *Sandoval*, 532 U.S. at 288). To be characterized as rights-creating language, the provisions of a statute should

3

explicitly confer rights directly on a class of persons or identify the class of people who are intended to receive special benefit from the statute. *Id.* Next, the court must "examine the statutory structure within which the provision in question is embedded. If that statutory structure provides a discernible enforcement mechanism, *Sandoval* teaches that we ought not imply a private right of action because 'the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'" *Id.* at 1353 (internal modifications omitted) (quoting *Sandoval*, 532 U.S. at 290). The court only considers legislative history and context if the text and structure of the statute fail to conclusively show whether a private right of action has been granted. *Id.* If a statute does not create a private cause of action, such a cause of action cannot be created by regulations promulgated to interpret and enforce the statute. *Id.*

Here, the statutes implementing the NMVTIS create no private right of action. The statutory provisions Plaintiff cites -- 49 U.S.C. §§ 30503 and 30504 -- contain no rights-creating language. Indeed, §§ 30503 and 30504 mainly place duties on states and regulated entities to furnish information to the NMVTIS, not to individuals. The lack of rights-creating language demonstrates Congress's intent to not create a private cause of action for individuals affected by failures or deficiencies in reports or provisions of information to the NMVTIS.[1] *See Love*, 310 F.3d at 1352. In addition, the statute provides the Attorney General an enforcement mechanism through civil penalties. 49 U.S.C. § 30505. The express provision of civil penalties enforced by the Attorney General suggests that Congress intended to preclude private enforcement through lawsuits. *Love*, 310 F.3d at 1353 (quoting *Sandoval*, 532 U.S. at 290). Because the statutory text and structure conclusively show that 49 U.S.C. §§ 30503 and 30504 were not intended to create

---

[1] Moreover, even assuming that to some extent Congress intended to create individual access to the NMVTIS, *see* 49 U.S.C. § 30502(e)(3), the class of persons with access to the NMVTIS is limited to automobile purchasers and does not include all automobile owners. Thus, Plaintiff has not shown that he had a Congressionally-protected interest in access to NMVTIS data as an automobile owner.

4

private causes of action, the court need not consider any legislative history or context. *Id.* For the reasons explained above, the court concludes that Plaintiff's claims are not based on a federal statute that provides a private cause of action, and, thus, the court lacks subject matter jurisdiction to hear this suit.[2] *Mazyck*, 2013 WL 12101059, at *2.

The court acknowledges that "[w]hen it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Watkins v. Hudson*, 560 F. App'x 908, 911 (11th Cir. 2014). Here, however, Plaintiff would be unable to state a claim for relief under 49 U.S.C. §§ 30501 *et seq.* because those statutes have not enacted any private right of action. And, Plaintiff's Complaint indicates that he cannot bring state-law causes of action against Defendants Ellison Recycling Center or Alabama Department of Motor Vehicles in this court under diversity jurisdiction because all parties to this action appear to be citizens of Alabama. (*See* Doc. # 1 at 1-2). Indeed, Plaintiff has filed a parallel action in Chilton County Circuit Court based on the conduct underlying this case. (Doc. # 5 at 1-2). For these reasons, the court finds that Plaintiff cannot state a plausible claim for relief in this court, and he is not due to be granted an opportunity to amend his complaint.

Because this court lacks subject matter jurisdiction, Plaintiff's Complaint is due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).[3] An Order consistent with this Memorandum Opinion will be entered.

---

[2] Plaintiff's Complaint also asserts a federal-law claim based on 31 C.F.R. § 0.208. (Doc. # 1 at 3). This Treasury Regulation is part of the rules of conduct for employees of the Treasury Department, and nothing in that Treasury Regulation references the NVMTIS or the reporting duties of states or other entities that furnish information to the NVMTIS.

[3] Alternatively, even if Plaintiff's Complaint had stated a claim for relief under a federal-law cause of action (and, to be clear, he has not), this case would be due to be transferred to the Middle District of Alabama because Defendants Ellison Recycling Center and Alabama Department of Human Resources both reside in the Middle District (*see* Doc. # 1 at 2), and the conduct underlying this suit appears to have occurred in the Middle

**DONE** and **ORDERED** this December 18, 2017.

                                          _____
                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE

---

District. (*See id.*) (alleging that Plaintiff resides in Chilton County, Alabama and that Ellison Recycling Center is located in Chilton County).